**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------
JUSTIN BLOT, et al.,

                      Plaintiffs,

        v.                                    14-CV-991
                                                        (GTS/CFH)
THE TOWN OF COLONIE, et al.,

                      Defendants.
------------------------------------------------------------------

## ORDER

A civil rights complaint was filed with the Court pursuant to 42 U.S.C. § 1983 on August 8, 2014. Compl. (Dkt. No. 1). The filing fee was paid. Id. The complaint was signed by Jack Angelou, Esq., an attorney not yet admitted to practice in the Northern District of New York. Dkt. No. 4. Mr. Angelou, with his client Justin Blot, represented that he was in the process of getting admitted, so the Clerk accepted the complaint for filing and issued summons for all defendants and General Order 25. Dkt. Nos. 2-3. Mr. Angelou did not submit his application for admittance by the deadline proscribed by the court. Accordingly, the docket was changed to reflect that the plaintiffs would be proceeding with the action pro se unless or until Mr. Angelou was properly admitted to the Northern District. See Docket Annotation on Dkt. Sheet dated 8/27/14.

Defendants filed an answer to the complaint on September 15, 2014. Dkt. No. 5. Then, on September 22, 2014, Defendants filed an amended answer to the complaint as well as a motion to dismiss. Dkt. Nos. 7, 9.

On October 8, 2014, the pro se plaintiffs filed an amended complaint in which they both signed the complaint. Am. Compl. (Dkt. No. 13). Summons were issued. Dkt. No. 14.

The Federal Rules provide in pertinent part that "[a] party may amend its pleading once as a matter of course within: . . . 21 days after serving it, or . . . 21 days afer service of a

responsive pleading . . . ." FED. R. CIV. P. 15(a)(1). Accordingly, defendants timely filed their amendment of right when filing their amended answer, which became the operative answer on September 22, 2014. Further, plaintiffs also timely filed their amendment of right when filing their amended complaint within twenty-one days on October 7, 2014.[1]

Therefore, the amended complaint shall be the operative pleading going forward.

**ORDERED** that:

1. The Amended Complaint (Dkt. No. 13) was timely filed as of right and is the operative pleading;

2. Defendants may rely on their previously filed amended or file a further amended answer, if they so choose, in accordance with the Federal Rules;

3. This Order should be served upon the parties in accordance with the local rules.

**IT IS SO ORDERED**.

Dated: October 9, 2014
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[1] It is noted that Rule 15(a) provides that a court should grant leave to amend "freely . . . when justice so requires." When exercising its discretion, a court must examine whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party. Evans v. Syracuse City School District, 704 F.2d 44, 46 (2d Cir. 1983) (citing Foman, 371 U.S. at 182). The court must also examine whether there will be prejudice to the opposing party. See, e.g., Ansam Associates Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir.1985) (permitting proposed amendment would be especially prejudicial once discovery has been completed and a summary judgment motion filed).
 Even if the dates cited above have been incorrectly calculated, based on the record before the Court there is no reason why this motion, if traditionally filed, would not have been granted. The case is in its infancy, there has been no evidence of delay, bad faith or dilatory motive on the part of plaintiffs, and there is no apparent prejudice to the defendants.