UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUSTIN BLOT and DENISE BLOT,


                              Plaintiffs,


v.                                                   1:14-CV-0991
                                                     (GTS/CFH)

TOWN OF COLONIE. et al.,


                              Defendants.
_____

APPEARANCES:                          OF COUNSEL:

JUSTIN BLOT and DENISE BLOT
   *Pro Se*
1065 A Greene Avenue
Brooklyn, NY 11221

MAYNARD, O'CONNOR, SMITH &             EDWIN J. TOBIN, JR.
   CATALINOTTO, LLP
  Attorneys for Defendants
6 Tower Place
Albany, NY 12203

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this civil rights action filed by Justin Blot and Denise Blot

("Plaintiffs") against the Town of Colonie and several additional entities and individuals

(collectively, "Defendants") is Defendants' motion to dismiss Plaintiffs' Complaint for lack of

subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  (Dkt. No. 9.)  Defendants'

motion is denied as moot.

        Plaintiffs commenced this action on August 8, 2014 by the filing of a verified complaint,

submitted through attorney Jack Angelou, who is not admitted to practice before this Court.  Mr.

Angelou was given until August 22, 2014 to submit an application for attorney admission.  A second notification of the attorney admission requirement was issued to Mr. Angelou on August 27, 2014.  To date, Mr. Angelou has not submitted an application for admission.

Defendants filed a verified answer on September 15, 2014.  On September 22, 2014, Defendants filed an amended verified answer as well as the current motion to dismiss.

In support of their motion to dismiss the complaint, Defendants argue that this Court does not have subject matter jurisdiction to entertain legal applications by attorneys not admitted before the Court.  Defendants cite no legal authority for this proposition.[1]  While Defendants' motion may be dismissed on this basis alone, it is denied for the following independent reason.

In opposition to Defendants' motion to dismiss, Plaintiffs assert that they are appearing in this action *pro se*.  Plaintiffs have timely filed an amended verified complaint that is identical to their original complaint in all respects except that it is submitted by Plaintiffs, *pro se.*  For this reason, Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is denied as moot.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion to dismiss Plaintiffs' Complaint (Dkt. No. 9) is **DENIED** as moot.

Dated: October 9, 2014
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[1]        Defendants' legal argument is limited to their proposition that Rule 83.1 of the Local Rules of this Court requires that attorneys appearing before the Court be admitted to practice before the Court.  To be sure, Rule 10.1 of the Local Rules of this Court require that all pleadings meet certain requirements, including the identification of the person filing the document by, among other things, the bar roll number of the attorney, if plaintiff is represented by counsel.  *See* N.D.N.Y. L.R. 10.1(c)(2).  In contrast, Rule 83.1 of the Local Rules governs the procedure and requirements for attorney admission.  *Id.*, at L.R. 83.1.