UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUSTIN BLOT; and DENISE BLOT,

                            Plaintiffs,

v.                                                       1:14-CV-0991
                                                            (GTS/CFH)

TOWN OF COLONIE; TOWN OF COLONIE
POLICE DEP'T; CHIEF OF POLICE STEVEN
HEIDER; SERGEANT GULLINESE;
UNKNOWN SUPERVISORY OFFICERS;
UNKNOWN POLICE OFFICERS; POLICE
OFFICER CALABRESE; and POLICE
OFFICER TREMBLAY;

                            Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

JUSTIN BLOT
  Plaintiff, *Pro Se*
57 Harrison Avenue
Franklin Square, NY 11201

DENISE BLOT
  Plaintiff, *Pro Se*
1065 A Greene Avenue
Brooklyn, NY 11221

MAYNARD, O'CONNOR, SMITH &                  EDWIN J. TOBIN, JR.
CATALINOTTO, LLP
  Counsel for Defendants
6 Tower Place
Albany, NY 12203

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Justin and Denise

Blot ("Plaintiffs") against the above-captioned municipal entities and employees ("Defendants"),

is Defendants' motion to dismiss Plaintiffs' Amended Complaint for failure to prosecute and/or failure to obey a court order pursuant to Fed. R. Civ. P. 41(b).  (Dkt. No. 36.) After carefully considering the matter, Defendants' motion is granted in part and denied in part without prejudice.

**I.      RELEVANT BACKGROUND**

      **A.      Plaintiffs' Amended Complaint**

Generally, in their Amended Complaint (which is based on their original Complaint, drafted by an attorney), Plaintiffs assert twenty claims against Defendants arising from Plaintiff Justin Blot's arrest and "tasering" on the evening of July 13, 2013, at his parents' home in the Town of Colonie, New York.  (*Compare* Dkt. No. 13 [Plfs.' Am. Compl.] *with* Dkt. No. 1 [Plfs.' Compl.].)  These claims include those of false arrest, unreasonable search and seizure, malicious prosecution, abuse of process, conspiracy, supervisory liability, municipal liability, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, assault and battery.  (*Id*.)

      **B.      Parties' Briefing on Defendants' Motion**

Generally, in support of their motion (filed on April 24, 2015), Defendants assert the following four arguments: (1) Plaintiff Justin Blot's failures include (a) disclosing a purported psychological damages expert (Peter Favaro) without having either contacted or retained that expert, (b) failing to respond to discovery letters from Defendants (dated December 23, 2014, January 22, 2015, and February 13, 2015), (c) cancelling the depositions of himself, his wife and his parents (scheduled for March 19, 2015, and March 20, 2015) by letter received on March 18, 2015, without providing an updated address as required by Local Rule 10.1 of the District's

Local Rules of Practice, (d) failing to attend a court-ordered discovery conference on March 26, 2015 (due to a purported failure to receive a notice of the conference, which was due to his failure to notify the Court of a change in his address), and (e) failing to attend court-ordered discovery conference on April 8, 2015 (for the same reasons); (2) Plaintiff Denise Blot's failures include failing to respond to Defendants' above-described discovery letters, failing to attend the above-described court conferences, and failing to provide a notice of change of address; (3) Plaintiffs' failures, which demonstrate a lack of due diligence, have wasted the time and resources of both the Court and defense counsel; and (4) Plaintiff Denise Blot has not made any attempt to explain her failures or indicate an interest in litigating this action. (*See generally* Dkt. No. 38 [Defs.' Memo. of Law].)

Liberally construed, Plaintiff Justin Blot's response (dated May 8, 2015) asserts the following six arguments: (1) contrary to Defendants' argument that he has not responded to their discovery letters, he has submitted to Defendants (a) three separate and distinct written discovery responses, (b) multiple authorizations to release his records, and (c) two separate expert witness disclosures (the last of which was sent on or about April 20, 2015); (2) he made repeated attempts to reschedule the depositions that he cancelled in March 2015, which have been to no avail due to a lack of a good-faith effort by defense counsel; (3) furthermore, while there "are still some open discovery responses," he "will be sending additional discovery imminently"; (4) his failures to comply with the Orders of the Court were due to the fact that he has separated from his wife, and begun proceedings to divorce her (on April 16, 2015), which has resulted in his having to move out of his former address of record (to which the Orders of the Court were sent, and the telephone calls of the Court were directed); (5) while he failed to update his address

3

of record with the Court, he did so orally with defense counsel by telephone on February 27, 2015; and (6) in the future, he will avoid such failures because he has updated his address and telephone numbers of record with the Court, and he will be retaining an attorney (Jack Angelou), who has recently recovered from "a few health issues that almost required a surgery." (Dkt. No. 42 [Plf. Justin Blot's Opp'n Affid.].) In addition, Plaintiff Justin Blot requests "a hearing to discuss the matter" before the Court decides Defendants' motion (although he does not articulate any special reason for the Court to deviate from its ordinary practice of deciding motions based on the papers). (*Id.*)

Plaintiff Denise Blot has failed to respond to Defendants' motion. (*See generally* Docket Sheet.)

Generally, in their reply, Defendants assert the following four arguments: (1) Plaintiff Justin Blot's assertion that he has the "utmost respect" for the Court's processes is undermined by the failures described in Defendants' memorandum of law in chief; (2) Plaintiff Justin Blot's truthfulness in asserting that "I never received one letter or phone call from defendants regarding scheduling" is dubious, given Exhibit I to his response affidavit, which contains Defendants' responses to his request to reschedule the cancelled depositions; (3) Defendants still do not know the current address of Plaintiff Denise Blot, due to her failure to provide it to the Court; and (4) Plaintiff Justin Blot continues to fail to provide Defendants with authorizations regarding his prior employment with the New York City Police Department and his prior marriage counseling with his wife. (Dkt. No. 44 [Defs.' Reply Affid.].)

Plaintiff Justin Blot filed a sur-reply without having requested leave to do so–a fact objected to by Defendants. (*Compare* Dkt. No. 47 [Plf. Justin Blot's Sur-Reply] *with* Dkt. No.

48 [Defs.' Obj.].) Because Plaintiff Justin Blot previously received a courtesy copy of the District's *Pro Se* Handbook and a courtesy copy of the Local Rules of Practice (both of which advise him of the need to seek, and obtain, leave of the Court before filing a sur-reply), the Court will disregard his sur-reply and direct the Clerk of the Court to strike it from the docket. (Dkt. No. 15.)

## II.   RELEVANT LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute and/or failure to obey a court order under Fed. R. Civ. P. 41(b):

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008) [citation omitted].

## III.   ANALYSIS

### A.   Claims Asserted by Plaintiff Denise Blot

After carefully considering the matter, the Court finds that the five factors set forth above in Part II of this Decision and Order weigh decidedly in favor of dismissing the claims asserted by Plaintiff Denise Blot at this time. Generally, the Court reaches this conclusion for the reasons

set forth in Defendants' motion papers. *See, supra,* Part I.B. of this Decision and Order. To those reasons, the Court would add the following analysis.

With regard to the first factor of the five-factor test set forth above in Part II of this Decision and Order, the Court finds that the duration of Plaintiff Denise Blot's failures is approximately six months, having begun during the days or weeks following defense counsel's discovery letter of December 23, 2014. Generally, durations of four months are sufficient to weigh in favor of dismissal. *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months).

With regard to the second factor, the Court finds that Plaintiff Denise Blot received adequate notice that the failures in question would result in dismissal of her action. More specifically, Plaintiff was notified of her obligations–under Fed. R. Civ. P. 41(b), and Local Rules 10.1(b)(2) and 41.2(b)–to prosecute her case, comply with Court Orders, and immediately notify the Court of any changes in her address. For example, setting aside the record evidence that she has at various points in time been represented by an attorney (Jack Angelou) in this action, on October 8, 2014, she was mailed a courtesy copy of the District's *Pro Se* Handbook and a courtesy copy of the Local Rules of Practice, both of which advised her of the obligations in question. (Dkt. No. 15.) Moreover, on March 26, 2015, she was mailed (in an envelope that was never returned as undeliverable) a Text Minute Entry indicating that she had failed to appear at a discovery conference on that date. (Text Minute Entry filed March 26, 2015.) Similarly, on April 8, 2015, she was mailed (again in an envelope that was never returned as undeliverable) a Text Minute Entry indicating that she had failed to appear at a discovery conference on that date,

and that Defendants were granted leave to file a motion to dismiss for failure to prosecute. (Text Minute Entry filed Apr. 8, 2015.)

With regard to the third factor, the Court finds that Defendants are likely to be prejudiced by a further delay by Plaintiff Denise Blot. The prejudice posed to Defendants is exacerbated by the age of the case, which was filed on August 8, 2014, and the date of events giving rise to Plaintiff Denise Blot's claims (July 13, 2013). Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses, who might retire from the Town of Colonie Police Department, and the preservation of evidence. *See Geordiadis*, 167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

With regard to the fourth factor, the need to alleviate congestion on the Court's docket (which is significant) outweighs Plaintiff Denise Blot's right to receive a further chance to be heard on her Amended Complaint (in the body of which her name appears only once). It is cases such as this one that require constant judicial monitoring and extensions, thus increasing the median-time-to-disposition of *all* civil cases (not simply *pro se* cases).

Finally, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances, especially given the fact that any Order issued by the Court admonishing Plaintiff Denise Blot for her dilatory conduct is unlikely to result in corrective action given her past conduct (and may never even reach her due to her failure to immediately notify the Court of a change in address).

For all of these reasons, the claims of Plaintiff Denise Blot are dismissed with prejudice and without further order of the Court.

**B.     Claims Asserted by Plaintiff Justin Blot**

After carefully considering the matter, the Court finds that the five factors set forth above in Part II of this Decision and Order, weigh–albeit barely–against dismissing the claims asserted by Plaintiff Justin Blot at this time. Generally, the Court reaches this conclusion for the reasons set forth in Plaintiff Justin Blot's response affidavit. *See, supra,* Part I.B. of this Decision and Order. To those reasons, the Court would add four points.

First, Plaintiff Justin Blot's explanation that he missed the conferences due to not having received communications from the Court and defense counsel overlooks the underlying cause of his not receiving those communications: he failed to "**immediately notify the Court of any change of address**," as required by the Local Rules of Practice for this Court. N.D.N.Y. L.R. 10.1(c)(2) (emphasis in original). Having matrimonial issues and moving out of one's house is not an excuse for failing to immediately notify the Court of a change of address (particularly in an action that one has commenced).

Second, Plaintiff Justin Blot's explanation that he notified defense counsel of the cancelled depositions three days (not one day) before those depositions were scheduled to begin overlooks (1) the fact that, as a non-attorney, he cannot represent other litigants or witnesses in this action, and (2) in any event, his having "matrimonial issues" does not appear to be a valid excuse for cancelling the depositions of his parents.

Third, Plaintiff Justin Blot's representation, on May 8, 2015, that he will be retaining an attorney (Jack Angelou) is undermined by the fact that, as of the date of this Decision and Order, Mr. Angelou has not filed a notice of appearance in this action. (*See generally* Docket Sheet.)

8

Fourth, and finally, because of the narrowness of the margin by which Plaintiff Justin Blot's claims survive Defendants' motion to dismiss, Defendants are advised that they may renew their motion, should Plaintiff Justin Blot's failures continue.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk of the Court shall **STRIKE** Plaintiff Justin Blot's sur-reply (Dkt. No. 47) as directed in Part I.B. of this Decision and Order; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiffs' Amended Complaint for failure to prosecute and/or failure to obey a court order under Fed. R. Civ. P. 41(b) (Dkt. No. 36) is **GRANTED in part**, and **DENIED without prejudice in part**, in that the claims of Plaintiff Denise Blot are **DISMISSED with prejudice** and without further order of the Court, but the claims of Plaintiff Justin Blot **SURVIVE** Defendants' motion; and it is further

**ORDERED** that, in addition to serving this Decision and Order on Plaintiff Justin Blot at his above-listed address of record (which lists his zip code as "11201"),[1] the Clerk of Court shall serve it on him at the same address but using a zip code of "**11010**";[2] and it is further

**ORDERED** that, in addition to serving this Decision and Order on Plaintiff Denise Blot at her above-listed address of record, the Clerk of Court shall serve it on her at **130 Hempstead Turnpike Hempstead, NY 11550;**[3] and it is further

---

[1] (Dkt. No. 33, at 1 [listing zip code as "11201"].)

[2] (*See* Dkt. No. 33, at 11 [listing zip code as "11010"], *accord*, Dkt. No. 35, at 2; Dkt. No. 47, at 11; Dkt. No. 47, Attach. 1, at 1; *but see* Dkt. No. 41, at 1 [using zip code of "11010" but marking returned envelope as "Vacant" / "Unable to Forward"].)

[3] (*See* Dkt. No. 42, at 29 [attaching Verified Divorce Compl., dated Apr. 16, 2015, listing Hempstead address].)

9

**ORDERED** that this case is referred back to Magistrate Judge Hummel for the management of pretrial scheduling deadlines.

Dated: June 25, 2015
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge